IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:13CR134

        Plaintiff

   v.                                                                **ORDER**

Gary J. Wymer,

        Defendant

       This is a criminal case in which the defendant/movant, Gary J. Wymer, was convicted for his participation in a family business – namely, stealing trucks and cutting them up for sale as scrap and, on occasion, selling or dismantling their cargos. *U.S. v. Wymer*, 654 F. App'x 735 (6th Cir. 2016). Though defendant's Guidelines Range was between 121 months and 151 months, I could, reluctantly, only impose a sentence of sixty months, which was the statutory maximum.

       Not satisfied with his relative good fortune, defendant has filed a motion to reduce sentence. (Doc. 563). So far as the government and I can tell, he bases his motion on legislation that Congress never adopted, the Sentencing Reform and Corrections Act of 2015.

       Aside from its entirely ephemeral foundation, the motion asks me to do something that the law does not allow (except in very limited circumstances that do not apply here): alter a sentence once judgment thereon has been entered. 18 U.S.C. § 3582(c).

       Defendant has, understandably, not filed a reply to the government's opposition to his motion.

It is, accordingly,

ORDERED THAT: defendant's motion to reduce sentence (Doc. 563) be, and the same hereby is, denied. An appeal from this order could not be taken in good faith and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr<br>
Sr. U.S. District Judge